ISAAC DYER & al. *versus* RUFUS BURNHAM.

An action (under § 47, c. 148, of R. S. of 1841,) for a false disclosure by a poor debtor should be brought in the name of the *judgment* creditor.

ON EXCEPTIONS to the ruling of TENNEY, C. J.

This was an action for a false disclosure. The defendant demurred to the declaration. The presiding Judge sustained the demurrer and the plaintiffs excepted.

The declaration alleged that the judgment and execution, upon which the disclosure was made, were recovered by one *David Dyer,* for the sole use and benefit of the plaintiffs, who were the creditors in interest.

*E. & F. Fox,* for plaintiffs.

The plaintiffs prosecuted the former suit and recovered judgment in the name of David Dyer. They were the actual creditors. The remedy is given by statute for *tort* done to whoever is injured by the false disclosure. The plaintiffs are the only ones injured. *Thacher* v. *Jones,* 31 Maine, 533. *David Dyer* could not maintain this action, for he was not a *creditor,* nor was he injured by the falsehood.

*Shepley & Dana,* for defendant.

Separate opinions were delivered by GOODENOW, J., and DAVIS, J.

GOODENOW, J.—This is an action founded on § 47, c. 148, R. S., 1841. This section gives an action to the creditor in the execution, and to him only. The plaintiffs were not the creditors, but only the assignees of the creditor. "The creditor, to whom notice should be given, is the person in whose name the action, in which the judgment was recovered, was brought, although it is stated in the record to have been brought for the benefit of another." 8 Cush., 289. The Court say, "we cannot doubt that the word 'creditor' has always meant the judgment creditor; that is, the party in whose name the suit is brought and the judgment recovered."

"Whenever one person sues and recovers judgment in his own name for the benefit of another, he, being plaintiff on the record, is regarded, in every respect, as the legal judgment creditor, unless it is otherwise provided by statute."

*Exceptions overruled ;—*
*Judgment for Defendant for costs.*

DAVIS, J.—I do not think the word "creditor," when used in chapter 148 of the Revised Statutes, necessarily refers to the judgment creditor. If there is nothing on the record to show that any other person is the creditor *in interest,* the debtor is under no obligation to recognize or notify any one but the nominal creditor. But I see no reason why any rights given to creditors by the statute are not given to the creditors *in interest.* If they are rights of action, such creditors alone can commence them, or discharge them.

The right claimed in the case at bar is incident to the judgment debt. It cannot be separated from it. And therefore, though I think it is given to the assignee, as the judgment has been assigned, I have no doubt that it should be prosecuted, as in other cases, *in the name of the assignor.*

TENNEY, C. J., APPLETON, CUTTING and KENT, JJ., concurred in the result.